

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDUARDO MORENO LAPARADE,

Plaintiff,

v.

COLUMBIA PICTURES INDUSTRIES, INC., a California corporation; MARIO MORENO IVANOVA, an individual, and as Executor of THE ESTATE OF MARIO MORENO REYES, et al.

Defendants.

AND RELATED CROSS-CLAIMS, COUNTERCLAIMS AND THIRD PARTY CLAIMS

Case No. 97-0615 WJR (CTx)

**~~[PROPOSED]~~ ORDER OF MARCH 31, 2003, GRANTING "COLUMBIA'S MOTION FOR ORDER HOLDING IVANOVA IN CIVIL CONTEMPT FOR VIOLATING PRELIMINARY AND PERMANENT INJUNCTION ORDER"**



THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

933

APR 14 2003

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 31, 2003, Henry J. Tashman appeared on behalf of Columbia Pictures Industries, Inc. ("Columbia") and Timothy C. Riley appeared on behalf of Mario Moreno Ivanova, individually and as executor of the estate of Mario Moreno Reyes ("Ivanova") for the argument of *Columbia's Motion for Order Holding Ivanova in Civil Contempt for Violating Preliminary and Permanent Injunction.* After hearing argument from both counsel, the Court adopted as its final ruling the "Tentative Ruling" attached hereto as **Exhibit "1."** The Court further Ordered that all papers served in connection with the Show Cause hearing set for April 21, 2003 shall be served by hand.

This order is effective as of March 31, 2003.

**IT IS SO ORDERED.**

DATED: April 10, 2003

By: [signature]
WILLIAM J. REA
United States District Court Judge For
The Central District Of California

Submitted on April 4, 2003 by:

DAVIS WRIGHT TREMAINE LLP
HENRY J. TASHMAN
JENNIFER L. BROCKETT

By: [signature]
JENNIFER L. BROCKETT
Attorneys for Defendant, Counterclaimant, Cross-Claimant and Counterdefendant COLUMBIA PICTURES INDUSTRIES, INC.



DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TENTATIVE RULING

**Case Number:** CV 97-0615 WJR (CTx) **Docket Number:** ______

**Title:** Laparade v. Columbia Pictures Industries, Inc..

**Date:** Monday, March 31, 2003

**Nature of Motion:** Columbia's Motion For Order Holding Ivanova In Civil Contempt For Violating Preliminary and Permanent Injunction Order

---

**HON. WILLIAM J. REA, JUDGE**

Marva Dillard, Deputy Clerk

---

**TENTATIVE RULING**

This Court is inclined to GRANT Columbia's Motion For an Order Holding Ivanova In Civil Contempt For Violating the Permanent Injunction Order because Ivanova has failed to take all reasonable steps to comply with the Court's June 11, 2002 Preliminary Injunction.[1]

Furthermore, the Court is inclined to impose a sanction of $1500 dollars on counsel for Ivanova, Mr. Riley, to be paid to the Court within 30 days of this hearing.

---

[1] The Order granting Columbia's ex parte application for an order shortening time re motion for contempt against Ivanova was granted on March 14, 2003. However, for reasons unknown to the Court the order was not filed until March 18, 2003. This is unfortunate, however Ivanova was notified of the substance of Columbia's Contempt Motion on March 12, 2003, seven days prior to the date on which the opposition brief was due. In addition, given that Ivanova essentially concedes his noncompliance with the Injunction, there appears very little prejudice by this action.

DISCUSSION

**I. Legal Standard**

In the Ninth Circuit the test for determining civil contempt is well-settled. Specifically, the district court must ascertain "whether the [party has] performed 'all reasonable steps within their power to insure compliance.'" Stone v. City of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (quoting Sekaquaptewa v. MacDonald, 544 F.2d 396, 404 (9th Cir. 1976), cert. denied, 430 U.S. 931 (1977). Accordingly, the contempt "need not be willful." In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987). That is, "there is no good faith exception to the requirement of obedience to a court order." Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir. 1998).

In order to establish a prima facie case of civil contempt, the moving party must initially satisfy the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 466 (9th Cir. 1989); Fed. Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the alleged contemnors to demonstrate why they were unable to comply. Donovan v. Mazzola (Donavan II), 716 F.2d 1226, 1240 (9th Cir. 1983), cert. denied, 464 U.S. 1040 (1984); Affordable Media, 179 F.3d at 1239.

However, there are at least two generally recognized defenses to a finding of civil contempt. First, a party's inability to comply with a court's order constitutes a defense to a charge of civil contempt. United States v. Rylander, 460 U.S. 752, 757 (1983) ("While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."). Second, substantial compliance with a court order is a defense to an action for civil contempt. Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986). In other words, "technical or inadvertent violations [of court orders] will not support a finding of civil contempt." Id.

The underlying purpose of civil contempt is not to punish but "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992); see also United Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994). Although the court must use the "least possible power

adequate to the end proposed," Spallone v. United States, 493 U.S. 265, 276 (1990), it also "must consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." Whittaker, 953 F.2d at 516. Accordingly, any "footdragging resistance to court orders" is an important factor in weighing the use of a contempt sanction. Local 28 of the Sheet Metal Workers' Int'l Ass'n v. EEOC, 478 U.S. 421, 476-77 (1986).

**II. Analysis**

Ivanova's displeasure with various rulings made in this litigation is nothing but obvious. However, Ivanova's only legitimate recourse is through the appeals process (indeed, Ivanova already has asked this Court to "reconsider" almost every issue he has lost). Not surprisingly, therefore, the Court does not take lightly Ivanova's flagrant disobedience to this Court's rules and orders.

This Court's June 11, 2002 Order required Ivanova to do the following: (i) permanently refrain from distributing or otherwise exploiting, anywhere in the world, the 34 Motion Pictures at issue in this litigation, (ii) turn over all film elements Ivanova has in his possession either to Columbia or to an independent film storage facility, and (iii) immediately pay to Columbia $15,413.72 in contempt sanctions previously awarded by this Court. The Court stayed pending appeal the provision of the Permanent Injunction requiring Ivanova to turn over film elements for the Motion Pictures.

Columbia contends that Ivanova has failed to abide by these requirements. Specifically, Columbia contends -- and Ivanova has so conceded -- that Ivanova has agreed to release El Patrullero 777 and El Barrendero on DVD for an advance of $10,000, in violation of the Permanent Injunction. As a result, Columbia moves this Court to find Ivanova in contempt of the June 11, 2002 Order and sanction him accordingly.

The Court has enjoined Ivanova from distributing the films in Mexico by the June 11, 2002 Order of this Court. As the Court's September 06, 2002 Order noted, the absence of prejudice to Columbia does not excuse Ivanova's failure to comply with this Court's orders. Contempt sanctions also are appropriate simply to coerce compliance. United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947). While it is unfortunate that Ivanova has accumulated mounting legal bills, this does not serve to excuse him from complying with the Court's orders.

There can be no question that Ivanova violated the Court's permanent injunction prohibiting him from "licensing, distributing, marketing, offering for distribution or sale, or otherwise exploiting or benefitting from any of the 34 Motion Pictures" when he authorized for distribution El Patrullero 777 on DVD.[2]

Notably, Ivanova does not attempt to explain that his conduct is not in violation of the Court's June 11, 2002 Order. Rather, he merely claims that the injunction is invalid. Of course, this is not the first time that Ivanova has made these arguments to the Court. Of course, a contempt motion is not a motion for reconsideration. This is not a valid justification for Ivanova's non-compliance. Ivanova's only way to seek relief from the June 11, 2002 Order is through appeal. Notably, on May 13, 2002 the Ninth Circuit denied Ivanova's appeal from the Preliminary Injunction. In addition, Ivanova filed on September 25, 2002 a motion to stay the permanent injunction with the Ninth Circuit which was denied on November 21, 2002.[3] The Permanent Injunction remains fully enforceable.

Accordingly, the Court is inclined to grant Columbia's Motion For an Order Holding Ivanova In Civil Contempt, and find Ivanova in contempt of the June 11, 2002 Order for failing to refrain from distributing or otherwise exploiting, throughout the world, any of the 34 Motion Pictures.

As a sanction for failing to follow the Court's June 11, 2002 Order the Court inclined to order the following:

1) The Court is inclined to lift the stay of the provision of the Permanent Injunction which requires Ivanova to turn over all film elements for the 34 Pictures to the Court. Ivanova is ordered to turn over all film element for the 34 Motion Pictures to the Court, to be held at Consolidated Film Industries ("CFI"),

---

[2] Nothing in the injunction makes an exception for DVD or any other form of distribution.

[3] Counsel's belief that "he has found the district court judge whose injunction and related unethical conduct will set the bright line rule for the Ninth Circuit and the United States as to when a district judge has gone too far" is clearly repudiated by the fact that his appeal of the preliminary injunction was DENIED by the Ninth Circuit.

at Columbia's expense.[4] The Court is inclined to find that Ivanova must comply with the provision no later than ten calendar days from the hearing on this Motion. The Court feels that this action is necessary in order to compel compliance with the Court's injunction.

2) The Court is inclined to require Ivanova to immediately disclose all efforts he, his attorneys and his agents have made to license or distribute any of the 34 Motion Pictures, by filing and serving a declaration under oath setting forth, by name and address, all persons and entities to which he has offered any of the 34 Motion Pictures or discussed the possible distribution of any such Motion Pictures and the details of such discussions, as well as provide all documents relating to his efforts to distribute the 34 Motion Pictures. The Court is inclined to find that this disclosure must take place within ten calendar days of this hearing.

3) Ivanova is ordered to renounce his efforts to distribute the Motion Pictures, to inform each person or entity to which he has offered the Motion Pictures that he is prohibited from distributing the Motion Pictures, and to certify under oath that he has taken such steps within five days of the hearing on this Motion, and to list the persons or entities to whom he has provided such notice.

4) A hearing will be set for April 21, 2003 for an Order to Show Cause re: Contempt to determine compliance and inquire into whether future sanctions are appropriate. The Court sets the following briefing schedule: Columbia may file a brief, if necessary, regarding compliance and the need for any further sanction on April 14, 2003. Any opposition may be filed April 18, 2003 at noon. No Reply brief will be necessary.[5]

5)Finally, Columbia may file a brief regarding its costs and fees in connection within this Motion within 10 days of this hearing.

Furthermore, the Court finds at this time that it is

[4] For the 26 Motion Pictures, these films should remain at CFI until the appeals are concluded.

[5] The shortened briefing schedule is due to the Court's Order giving Ivanova ten day to disclose all efforts, and any documents related to these efforts, to distribute any of the 34 Motion Pictures.

appropriate that sanction be levied against counsel for Mr. Ivanova, Timothy C. Riley. The Court has been patient with counsel for too long. The number of violations that have been committed during the course of this litigation are too numerous to state here. In this motion, Ivanova filed a surreply to Columbia's motion for contempt without seeking permission from this Court in violation of L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.") Furthermore, the Opposition filed was essentially a motion for reconsideration in violation of L.R. 7-18. (Filed without new evidence or new law as required by the rule). In addition, the Court has previously admonished counsel for making arguments that the Court has stated it will not further entertain. These violations, alone, are grounds for sanctions. L.R. 83-7. Given the Court's previous admonishments there can be no doubt that such behavior is grossly negligent. The Court has the inherent power to sanction miscreant attorneys in order to maintain order and preserve the dignity of the Court. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Mr. Riley has not filed a brief in the last year which addressed the issues at hand, instead each brief has been filled with collateral issues as well as a barrage of insults upon both the Court and opposing counsel. Besides being utterly devoid of the proper respect called for in a court of law, such behavior is nothing but self-destructive for counsel's client. Mr. Riley cannot possibly believe that insulting the Court is going to get his client a better ruling. This behavior does nothing for his client except serve as a huge disservice. The Court finds this behavior to be in bad faith, and appropriate for sanctioning by the Court. For all of these reasons, the Court is inclined to find that counsel for Ivanova, Mr. Riley, should be subject to a sanction of $1500 dollars, to be paid to the Court within 30 days of this hearing.

PROOF OF SERVICE BY HAND DELIVERY

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, Suite 250, Los Angeles, California 90017.

On April 3, 2003, I served the following document(s): **[PROPOSED] ORDER OF MARCH 31, 2003, GRANTING "COLUMBIA'S MOTION FOR ORDER HOLDING IVANOVA IN CIVIL CONTEMPT FOR VIOLATING PRELIMINARY AND PERMANENT INJUNCTION ORDER"** on the interested parties in this action or proceeding, by personally delivering a copy thereof, enclosed in a sealed envelope(s), to the addressee(s) at the following address(es):

Timothy C. Riley, Esq.
Law Office of Timothy Riley
414 South Marengo Avenue
Pasadena, CA 91101
**Fax: (626) 449-4417**

Attorney for Defendant
Mario Moreno Ivanova and
the Estate of Mario Moreno
Reyes

Executed on April 3, 2003, at Los Angeles, California.

☐ State — I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑ Federal — I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

ALFREDO GONZALEZ
Print Name

[signature]
Signature



DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899

PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On April 3, 2003, I served the foregoing document(s) described as: **[PROPOSED] ORDER OF MARCH 31, 2003, GRANTING "COLUMBIA'S MOTION FOR ORDER HOLDING IVANOVA IN CIVIL CONTEMPT FOR VIOLATING PRELIMINARY AND PERMANENT INJUNCTION ORDER"** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Christopher Larkin, Esq.
Ken Wilton, Esq.
Small Larkin, LLP
10940 Wilshire Boulevard, 18th Floor
Los Angeles, CA 90024-3945
**Fax: (310) 209-4450**

Attorneys for Authors' Rights Restoration Corp. ("ARRC")

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on April 3, 2003, at Los Angeles, California.

☐ State — I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑ Federal — I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**MIRIAM CARDONA** — Print Name

Miriam Cardona — Signature





DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899