**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Eduardo Moreno Laparade,<br><br>        Plaintiff,<br><br>    v.<br><br>Columbia Pictures Indus. Inc., Mario Moreno Ivanova<br><br>        Defendants. | CV 97-00615 RSWL (CTx)<br><br>**ORDER re: Defendant Mario Moreno Ivanova's Motion to Purge Contempt and Quash Bench Warrant** [972] |

Currently before the Court is Defendant Mario Moreno Ivanova's ("Ivanova") Motion to Purge Contempt and Quash Bench Warrant [972]. The Court, having considered all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** Ivanova's Motion is **GRANTED**.

### I. BACKGROUND

Ivanova is the son and the executor of the estate of Mario Moreno Reyes, more commonly known as Cantinflas. Ivanova Decl. ¶¶ 2-3. Cantinflas was a Mexican comic film actor, producer, and screen writer.

1 Id. at ¶ 3. Following Cantinflas' death in 1993,
2 various parties asserted rights in his films. Id. at
3 ¶¶ 6-7. The result was extended litigation in a number
4 of suits in both the United States and Mexico,
5 including the instant Action. Id. at ¶ 7.
6     This Action was one for interpleader and
7 declaratory relief regarding who owned the worldwide
8 intellectual property rights and related rights for the
9 34 films. Dkt. # 899 at 2.
10     On January 28, 2003, the Court entered a revised
11 final judgment and order and found that Columbia
12 Pictures Industries, Inc. ("Columbia") possessed the
13 rights to the 34 films. Dkt. # 899. The revised final
14 judgment referenced the Court's June 10, 2002 order,
15 which required Ivanova to: (1) permanently refrain from
16 distributing or otherwise exploiting the 34 films, (2)
17 turn over all film elements Ivanova has in his
18 possession either to Columbia or to an independent film
19 storage facility, and (3) immediately pay Columbia
20 $15,413.72 in contempt sanctions previously awarded by
21 the Court. Id.
22     After Ivanova failed to comply with the Court's
23 June 10, 2002 permanent injunction order and the
24 January 28, 2003 revised final judgment and order,
25 Columbia sought and received Contempt Orders on March
26 31, 2003, April 28, 2003, and June 26, 2003
27 (collectively, "Contempt Orders") against Ivanova for
28 his failure to comply. Dkt. ## 930, 933, 939, 948,

950. Upon Ivanova's failure to appear to the April 28, 2003 order to show cause hearing, the Court issued daily monetary fines against Ivanova at the initial weekly rate of $10.00 per day per film. Dkt. # 939. These fines increased each week by $10.00 for each film while Ivanova remained in contempt. Id.

After Ivanova failed to comply with the June 26, 2003 Court order, a warrant was issued for his arrest. Dkt. # 950. Pursuant to the June 26, 2003 order, Ivanova was to remain imprisoned and/or the bench warrant was to remain outstanding and effective for so long as Ivanova had not fully cured his contempt. Dkt. # 948. The June 26, 2003 order would remain effective until Ivanova established to the satisfaction of the Court that he had fully cured his contempt and the Court issued a further order superseding the June 26, 2003 order. Id.

On October 2012, Columbia and Ivanova settled their dispute. Ivanova Decl. ¶ 8. The Parties agree that Ivanova has complied with the Contempt Orders in that Ivanova (1) has disclosed various activities relating to his efforts to distribute the Cantinflas films and (2) renounced efforts to distribute the Cantinflas films. Joint Statement, 1:4-11. While the Contempt Orders require Ivanova to turn over certain film elements on those films to Columbia, Ivanova has provided sworn testimony that he does not currently have the ability to turn over those film elements but

1  is making reasonable best efforts to comply.  Id.,
2  1:10-13.  Columbia accepts Ivanova's representations
3  and does not oppose this Motion or the purging of the
4  Contempt Orders.  Id., 1:10-2:2; Adler Decl. ¶ 3 & Ex.
5  1.
6      Ivanova has been invited Los Angeles to attend the
7  premiere of a major motion picture about his late
8  father, Cantinflas, which is being held on August 27,
9  2014.  Ivanova Decl. ¶ 14.  However, Ivanova currently
10 resides in Mexico and cannot attend the premiere while
11 a bench warrant is outstanding for his arrest.  Id.
12 Accordingly, Ivanova brings the present Motion to Purge
13 Contempt and Quash Bench Warrant [972].
14     Columbia did not file an Opposition.  On August 8,
15 2014, the Parties submitted a Joint Statement
16 indicating that Columbia does not oppose the relief
17 sought in the instant Motion [979].

## II.  LEGAL STANDARD

19     The test for determining civil contempt is well-
20 settled in the Ninth Circuit.  Specifically, the
21 district court must ascertain "whether the [party has]
22 performed 'all reasonable steps within their power to
23 insure compliance' with the court's orders."  Stone v.
24 City and Cnty of S.F., 968 F.2d 850, 856 (9th Cir.
25 1992) (quoting Sekaquaptewa v. MacDonald, 544 F.2d 396,
26 404 (9th Cir. 1976)).
27     Civil contempt is "wholly remedial."  Carbon Fuel
28 Co. v. United Mine Workers of Am., 517 F.2d 1348, 1349

(4th Cir. 1975). The underlying purpose of civil contempt is not to punish, but "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992); see also United Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994).

"Civil contempt is conditional or contingent in nature, terminable if the contemnor purges himself of the contempt." Carbon Fuel Co., 517 F.2d at 1349 (citing De Parcq v. U.S. Dist. Court for S. Dist. of Iowa, 235 F.2d 692, 699 (8th Cir. 1956)). Thus, a contemnor may be permitted to purge the contempt in any manner deemed proper by the court. When the contempt is purged, the contemnor is entitled to have the contempt order vacated. See Skinner v. White, 505 F.2d 685, 688-89 (5th Cir. 1974); see also Turner v. Rogers, 131 S.Ct. 2507, 2516 (2011).

### III. ANALYSIS

The purpose of the Contempt Orders was to coerce Ivanova to, *inter alia*, refrain from distributing or exploiting the films at issue in this Action and turn over all film elements Ivanova has in his possession to Columbia. Dkt. ## 930, 933. In the decade since the Contempt Orders, Ivanova has settled with Columbia and, to the extent in his power, complied with the obligations required by the Contempt Orders. As noted above, Ivanova has (1) disclosed various activities

1  relating to his efforts to distribute the Cantinflas
2  films and (2) renounced efforts to distribute the
3  Cantinflas films.  Joint Statement, 1:4-11.
4      Furthermore, Ivanova is making reasonable best
5  efforts to comply with the orders requiring him to turn
6  over certain film elements on those films to Columbia.
7  Id., 1:10-17.  In particular, Ivanova submits that he
8  has turned over all film elements in his possession,
9  custody, or control to Columbia.  Ivanova Decl. ¶ 10.
10 While Columbia seeks additional film elements that are
11 currently being held by a former associate of Ivanova,
12 that former associate is refusing to turn them over to
13 Ivanova or Columbia.  Id. at ¶ 11.  Ivanova states that
14 he is cooperating with Columbia and has filed criminal
15 charges against the former associate for his conduct.
16 Id. at ¶ 12.  Ivanova submits that he is doing
17 everything he can reasonably do and has no further
18 ability to comply with the Contempt Orders beyond what
19 he has done.  Id. at ¶ 13.  Columbia has indicated that
20 it accepts Ivanova's representation of the above
21 statements.  Joint Statement, 1:4-17.
22     Because it appears that Ivanova has complied with
23 the Contempt Orders, and the Parties have stipulated to
24 the same, the Court finds that there is no longer any
25 need to encourage compliance.  As such, the contempt
26 sanctions, including the monetary sanctions, should be
27 terminated.  Indeed, Columbia does not oppose the
28 relief sought by Ivanova.  Accordingly, the Court finds

that the contempt has been purged and Ivanova is entitled to have the Contempt Orders vacated.  See Skinner, 505 F.2d at 688-69.

Pursuant to the June 26, 2003 contempt order, the Court declared that Ivanova shall remain imprisoned and/or the bench warrant shall remain outstanding and effective for so long as Ivanova has not fully cured his contempt.  Dkt. # 948.  As the Court finds that Ivanova has cured his contempt, the Court also quashes the bench warrant.

### IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Ivanova's Motion to Purge Contempt and Quash Bench Warrant.  The Contempt Orders (Dkt. ## 933, 939, 948) are purged and vacated.  The Court issued a Bench Warrant on July 11, 2003 (see Dkt. # 950).  The Bench Warrant is hereby quashed and withdrawn.  The Clerk shall provide a copy of this order to the U.S. Marshal's Office.

**IT IS SO ORDERED.**

DATED: August 14, 2014      RONALD S.W. LEW
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge